**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SONNY FRANCISCO ROMERO SANCHEZ** *on behalf of himself and all Similarly Situated Employees* | ) | **Case No._____________** |
| **Plaintiff,** | ) | **JURY DEMANDED** |
| **v.** | ) | |
| | ) | **CLASS AND COLLECTIVE ACTION** |
| **MOZAR INTERIORS LLC** **MOZAR GROUP LLC** **LAKEWOOD INTERIORS LLC** **DODI OLDAK** **MOSHE GERSTLE** | ) | |
| **Defendants.** | | |

---

**COMPLAINT**

---

Plaintiff Sonny Francisco Romero Sánchez ("Plaintiff" or "Sánchez"), on behalf of himself and all similarly situated employees allege the following claims against Defendant MOZAR INTERIORS LLC, MOZAR GROUP LLC, LAKEWOOD INTERIORS LLC, DODI OLDAK and MOSHE GERSTLE ("Defendants"):

## NATURE OF THE CASE

1) This is a class and collective action seeking damages for failure to comply with the overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. ("FLSA"), the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. §34:11 56a et. seq.
2) Defendants repeatedly and systemically failed to pay overtime wages to Plaintiff and other employees.

## PARTIES

3) Plaintiff Sonny Francisco Romero Sánchez is a resident of New Jersey.
4) Defendant MOZAR INTERIORS LLC is a corporation organized under the laws of the state of New Jersey, with its principal place of business at 15 America Ave, Unit 107, Lakewood, NJ, 08701

5) Defendant MOZAR GROUP LLC is a corporation organized under the laws of the state of New Jersey, with its principal place of business at 15 America Avenue, Unit 107, Lakewood, NJ 08701.
6) Defendant LAKEWOOD INTERIORS LLC is a corporation organized under the laws of the state of New Jersey, with its principal place of business at 15 America Avenue, Unit 107, Lakewood, NJ 08701.
7) During at least the last three years Defendant corporations had gross annual sales in excess of $500,000.
8) Defendant DODI OLDAK is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.
9) Defendant DODI OLDAK is the principal/owner of MOZAR INTERIORS LLC, MOZAR GROUP LLC and LAKEWOOD INTERIORS LLC
10) Defendant DODI OLDAK is being sued individually as an employer.
11) Defendant DODI OLDAK possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
12) Defendant DODI OLDAK had the power to hire and fire Plaintiff and other employees of the Defendants.
13) Defendant DODI OLDAK manages/managed the day-to-day business affairs of MOZAR INTERIORS LLC, MOZAR GROUP LLC, and LAKEWOOD INTERIORS LLC.
14) Defendant DODI OLDAK had the authority to set Plaintiff's schedules.
15) Defendant DODI OLDAK had the power to enter into executory contracts on behalf of the business, including the lease.
16) Defendant DODI OLDAK managed and controlled the payroll practices of the Defendants.
17) Defendant MOSHE GERSTLE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.
18) Defendant MOSHE GERSTLE is the principal/owner of MOZAR INTERIORS LLC, MOZAR GROUP LLC, and LAKEWOOD INTERIORS LLC.
19) Defendant MOSHE GERSTLE is being sued individually as an employer.
20) Defendant MOSHE GERSTLE possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
21) Defendant MOSHE GERSTLE had the power to hire and fire Plaintiff and other employees of the Defendants.
22) Defendant MOSHE GERSTLE manages/managed the day-to-day business affairs of MOZAR INTERIORS LLC, MOZAR GROUP LLC, and LAKEWOOD INTERIORS LLC.
23) Defendant MOSHE GERSTLE had the authority to set Plaintiff's schedules.
24) Defendant MOSHE GERSTLE had the power to enter into executory contracts on behalf of the business, including the lease.
25) Defendant MOSHE GERSTLE managed and controlled the payroll practices of the Defendants.
26) Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NJSWHL.
27) In the alternative, Defendants constitute a single employer of Plaintiff.
28) At all relevant times, Defendants are/were Plaintiff's employer within the meaning of the FLSA and NJSWHL.

29) Plaintiff represents a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. §216(b). This "FLSA Collective" is defined as: All current and former non-exempt employees of the defendants for the three years preceding this suit to the present.
30) Plaintiff represents a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Class" is defined as: All current and former non-exempt employees for the six years preceding this suit to the present.
31) Throughout this Complaint, the employees in the FLSA Collective and New Jersey Class are referenced jointly and collectively as "Similarly Situated Employees."

## JURISDICTION, AND VENUE

32) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.
33) Venue is proper in this Court pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendants' principal place of business is in this District.
34) This Court has personal jurisdiction over Defendants because its principal place of business is in this District, and it employed Plaintiff in this District.

## FACTS

35) Defendants operate an interior design shop in Jersey City, New Jersey.
36) Defendant employed Plaintiff as a lead worker since in or around the winter of 2024 up to April 2, 2026
37) Plaintiff regularly worked six to seven days per week, typically from Monday through Sunday, with shifts starting at approximately 7:00 AM and ending around 3:00 PM.
38) Plaintiff regularly worked overtime and was not getting paid properly.
39) Plaintiff was paid two separate checks under a different name instead of paying overtime properly.
40) Defendant stopped paying Plaintiff from on or about March 9, 2026.
41) Plaintiff was paid $25 per hour.
42) Plaintiff and other similarly situated employees were not paid overtime wages.
43) Plaintiff, FLSA Overtime Collective Members. and NJ Class members remain uncompensated for overtime wages, and they are entitled to damages under the FLSA and New Jersey law.

## COLLECTIVE ACTION ALLEGATIONS

44) Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 as if fully stated herein.
45) Numerous individuals were victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.
46) The FLSA Overtime Collective Members were not paid overtime wages for all hours worked.

47) The FLSA Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.
48) The FLSA Collective Members are similarly situated within the meaning of the FLSA.
49) Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.
50) The FLSA Collective Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

51) Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as if fully stated herein.
52) The illegal practices Defendants imposed on Plaintiff were likewise imposed on the New Jersey Class Members.
53) Numerous individuals other than Plaintiff who worked for Defendants were not properly compensated for all hours worked, as required by New Jersey law.
54) The New Jersey Class is so numerous that joinder of all members of the class is impracticable.
55) Defendants imposed uniform practices and policies on Plaintiff and the New Jersey Class Members regardless of any individualized factors.
56) Based on his own experience and tenure with Defendants, as well as discussions with coworkers of Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the New Jersey Class Members.
57) The New Jersey Class Members were not paid the proper overtime wages for all hours worked.
58) Defendants' failure to pay overtime compensation in accordance with New Jersey law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the New Jersey Class Members.
59) Plaintiff's experiences are therefore typical of the experiences of the New Jersey Class Members.
60) Plaintiff has no interest contrary to, or in conflict with, the New Jersey Class Members. Like each member of the proposed class, Plaintiff has an interest in obtaining the unpaid wages and other damages owed under the law.
61) A class action, such as this one, is superior to other available means for fair and efficient adjudication of the New Jersey Class Members' claims.
62) Absent this action, many New Jersey Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating New Jersey law.
63) Furthermore, even if some of the New Jersey Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.
64) Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.
65) The questions of law and fact common to each of the New Jersey Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether Defendants paid Plaintiff and the New Jersey Class Members overtime wages for all hours worked;

b) Whether Defendants' NJSWHL violations were committed knowingly.

66) Plaintiff's claims are typical of the New Jersey Class Members. Plaintiff and the New Jersey Class Members have all sustained damages arising out of Defendants' illegal and uniform employment practices.

67) Plaintiff knows of no difficulty that will be encountered in the management of this litigation that precludes its ability to go forward as a class or collective action.

**COUNT I – FLSA OVERTIME WAGE VIOLATION**

68) Plaintiff realleges and incorporates by reference Paragraphs 1 through 67 as if fully stated herein.

69) By failing to pay Plaintiff and the FLSA Overtime Collective Members overtime wages, Defendants violated the FLSA. 29 U.S.C. § 207(a).

70) Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective Members overtime wages.

71) Because Defendants knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendants owes these wages for at least the past three years.

72) Defendants' failure to pay overtime wages to these FLSA Collective Members was neither reasonable or made in good faith.

73) Because Defendants' decision not to pay overtime was not made in good faith, Defendants also owes Plaintiff and the FLSA Collective Members an amount equal to the unpaid wages as liquidated damages.

74) Accordingly, Plaintiff and the FLSA Collective Members are entitled to their full wages, plus liquidated damages, attorney's fees, and costs.

**COUNT II – NJSWHL MINIMUM WAGE VIOLATIONS**

75) Plaintiff realleges and incorporates by reference Paragraphs 1 through 74 as if fully stated herein.

76) Defendants were and are an "employer" within the meaning of NJSWHL.

77) At all relevant times, Defendants employed Plaintiff and other New Jersey Class Members as "employees" within the meaning of NJSWHL.

78) The NJSWHL, N.J. Stat. Ann. §34:11-56a4(a), requires Defendants pay overtime wages to all non-exempt employees.

79) Plaintiff and the other New Jersey Class Members are non-exempt employees who are entitled to be paid minimum wage for all hours worked.

80) Within the applicable limitations period, Defendants had a policy and practice of paying below the legally required minimum wage.

81) Plaintiff and the New Jersey Class Members are entitled to overtime wage under the NJSWHL, liquidated damages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. §34:11-56a25, and the New Jersey Administrative Code, §12:56-3.5.

**JURY DEMAND**

82) Plaintiff demands a trial by jury on all claims in this suit.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all Similarly Situated Employees:

1. For an order certifying a collective action for the FLSA claims;
2. For an order certifying a class action for the New Jersey law claims.
3. For an order finding Defendants liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective Members covered by this case;
4. For an order finding Defendants liable for violations of New Jersey wage laws with respect to Plaintiff and all New Jersey Class Members covered by this case;
5. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective Members covered by this case;
6. For a judgment awarding all unpaid wages, liquidated damages, and penalties under New Jersey wage laws to Plaintiff and all New Jersey Class Members covered by this case;
7. For an equitable accounting and restitution of wages due to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;
8. For a judgment awarding attorneys' fees to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;
9. For a judgment awarding costs of this action to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case;
10. For a judgment awarding pre-and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective and New Jersey Class Members covered by this case; and
11. For all such other and further relief as may be necessary and appropriate.

This 17th day of June 2026.

Respectfully submitted,
/s/ Gennadiy Naydenskiy______________

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884

718-808-2224(phone)
naydenskiylaw@gmail.com

*Counsel for Plaintiff*